UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIETNAM VETERANS OF AMERICA and NATIONAL VETERANS COUNCIL FOR LEGAL REDRESS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 3:15-CV-00658-VAB |
| Plaintiffs, | | |
| v. | | |
| U.S. DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY, DEPARTMENT OF THE NAVY, and DEPARTMENT OF THE AIR FORCE, | | January 6, 2016 |
| Defendants. | | |

## STIPULATION OF SETTLEMENT AND PROPOSED ORDER

WHEREAS, plaintiffs Vietnam Veterans of America (VVA), and National Veterans Council for Legal Redress (NVCLR) (collectively, "Plaintiffs") filed a complaint in this matter seeking the release of certain documents by the U.S. Department of Defense ("DOD"), Department of the Army, Department of the Navy, and Department of the Air Force (collectively, "Defendants") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"); and

WHEREAS, the allegations in the complaint concern FOIA requests sent by Plaintiffs to DOD on December 8, 2014 requesting various records related to Defendants' implementation of the Hagel Memo; and

WHEREAS, Plaintiffs filed additional FOIA requests to the Army, Navy, and Air Force on June 30, 2015 requesting various records related to their implementation of the Hagel Memo;

and

WHEREAS, the parties have been engaged in efforts to avoid needless litigation of Plaintiffs' claims under FOIA, and have reached a mutually satisfactory resolution;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

1. DOD will produce the following statistics regarding discharge upgrade applications for veterans claiming PTSD, submitted to the respective Board for Correction of Military/Naval Records or Discharge Review Board disaggregated by military department (Army, Navy, and Air Force) and by BCM/NR or DRB, on a quarterly basis, for two years beginning January 1, 2016:

    a. The number of discharge upgrade applications to the respective Board for Correction of Military/Naval Records or Discharge Review Board in which PTSD is alleged to have been a contributing factor;
    b. The number of applications described in 1(a) granted, and the number of applications described in 1(a) denied;
    c. The docket number of each application described in 1(a).

2. Defendant DOD will provide the statistics described in paragraph 1 above within 30 days of the end of each quarter, e.g. the first release will contain statistics for applications between January 1, 2016, and March 31, 2016, and will be produced by April 30, 2016.

3. Defendant DOD will provide the statistics without charging search fees to Plaintiffs, or any other costs.

4. Each Party agrees to bear its own attorney fees and court costs.

5. Plaintiffs will not submit to Defendants, or seek to enforce in federal court, any additional FOIA requests for the records that are covered by the FOIA requests that Plaintiffs submitted to Defendants on December 8, 2014, or covered by the data in paragraph 1.

6. Plaintiffs will not seek to enforce their June 30, 2015, FOIA requests in federal court.

7. Plaintiffs' claims against Defendants in this litigation are dismissed with prejudice.

2

8. The Court shall maintain jurisdiction of this litigation with respect to Defendants solely to monitor and enforce if necessary the parties' compliance with the terms of this Stipulation.

9. The parties agree and understand that the agreements outlined above fully address and resolve the concerns that prompted Plaintiffs to file their complaint against Defendants, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

10. This Stipulation is effective on the date by which both parties have executed the Stipulation.  The parties may execute this Agreement in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement. Facsimiles and pdf versions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

SO STIPULATED

Dated:   January 6, 2016
New Haven, Connecticut

Respectfully submitted,

/s/ Michael J. Wishnie
Michael J. Wishnie, ct27221
Jonathan M. Manes, ct29571
Sundiata Sidibe, Law Student Intern
Francisco Unger, Law Student Intern
Jerome N. Frank Legal Services Organization
Veterans Legal Services Clinic
P.O. Box 209090
New Haven, CT 06520-9090
(203) 432-4800
*Counsel for Plaintiffs*

3

/s/ Matthew A. Josephson
MATTHEW A. JOSEPHSON
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Tel: 202-514-9237
Fax: 202-616-8470
matthew.a.josephson@usdoj.gov
*Counsel for Defendants*


BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch


SO ORDERED.


Dated: January ____, 2016                     _____
                                              VICTOR A. BOLDEN
                                              UNITED STATES
                                              DISTRICT JUDGE